UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICE | Misc. No. 20-sw-1147-SKC<br><br>**Filed Under Seal** |

## APPLICATION

The United States of America, moving by and through Cyrus Y. Chung, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and a trap and trace device ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the Facebook, Inc. ("Facebook") account(s) listed in Attachment A. In support of this application, the United States asserts:

1.  This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2.  Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3.  The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4.     The law enforcement agency conducting the investigation is the Federal Bureau of Investigation.

5.     The applicant hereby certifies that the information likely to be obtained by the requested pen/trap device is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation of possible violations of 21 U.S.C. § 846 (Conspiracy to commit a controlled substance offense) by Ignacio Godinez-Mancilla.

6.     This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2).  Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7.     Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts.  The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.     A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3).  A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to communications sent over the Internet, as described below.

10. Facebook is a United States company that owns and operates a social media platform and is the provider of an electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Users can access Facebook and register for an account, like the target account(s) listed in Attachment A, via its website, facebook.com, or via its mobile applications (Facebook and Facebook Messenger).

11. After acquiring a Facebook account, users can share messages with other Facebook users and, if desired, with the general public. Messages shared via a user's Facebook account can consist of user-generated text messages, user-uploaded photos or videos, and links to written news stories and other websites. Facebook users can post these messages on the webpage associated with their Facebook profile, and the user may use Facebook's privacy settings to control what audience (*e.g.,* the general public, only friends) may see these posts. Alternatively, users may post messages directly to another Facebook user's profile or a profile associated with a Facebook "group," "page," or "event."

12. Facebook also enables users to exchange private messages with other Facebook users via its website or via the use of the Facebook Messenger application. Messages may be purely text-based or may contain attachments such as photos, a video, or an audio recording. In addition, users can make voice and video calls through the Facebook Messenger service. Private messages and calls sent via Facebook cannot be viewed by any user who is not a party to the communication.

13. Facebook users must utilize an Internet-connected device, such as a smartphone or laptop computer, to communicate with Facebook servers in order to send or receive messages via the Facebook platform as described above.

14. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a smartphone or laptop computer) requests information from a second device (such as a Facebook server), the requesting device specifies its own IP address so that the responding device knows where to send its response. In other words, when a user logs into their Facebook account or takes an action while logged in (*e.g.,* uploading a photograph), the user's device transmits the IP address assigned to it to Facebook servers as part of its communication. This IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the online identity of the communicating device without revealing the communication's content.

15. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header, which contains routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size. Source and destination port numbers are also included in specific fields within the headers of data packets and are used to route data packets either to a specific device or a specific process running on a device. When combined with the source and destination IP addresses, this routing information can identify the source device transmitting an IP packet and

4

the destination device receiving the IP packet, and it is possible to record it via a pen/trap device without capturing the communication's content.

16. When users send and receive communications to each other via the Facebook platform, additional non-content dialing, routing, addressing, and signaling information may be generated. This information will typically include the source and destination of the Facebook-based communication (*e.g.*, what Facebook user sent the message and which Facebook user or page received the message), the date and time of the communication, and the type of Facebook-based communication (*e.g.*, Facebook Messenger chat or call). It is possible to collect this information with a pen/trap device.

17. Ignacio Godinez-Mancilla was identified in 2019 as a narcotics-distributing associate of Candelaria Vallejo-Gallo, who has been indicted in case 20-cr-28-RM for running a large-scale drug-trafficking organization in the District of Colorado, and of Pueblito Cortes-Duran, who has been indicted in case 20-cr-25-PAB for drug offenses. He was also charged by the state of Colorado with drug offenses in 2019CR236 in Adams County District Court, but failed to appear on January 22, 2019 after posting bond. The case remains in warrant status. A cooperating source informed agents of the FBI that he/she had recent contact with Godinez-Mancilla through the Facebook account that is the subject of this application. The IP address activity related to this account will aid in determining Godinez-Mancilla's location, and multiple cooperating defendants have confirmed Godinez-Mancilla's involvement in drug trafficking.

18. The conduct being investigated involves use of the Facebook account(s) described in Attachment A. To further the investigation, investigators seek to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s).

5

## GOVERNMENT REQUESTS

19.     For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication (including but not limited to account logins; posts and comments on a Facebook profile or webpage; photo or video uploads; direct/private messages; and Facebook chats, calls, and video calls) to or from the Facebook account(s) described in Attachment A, including, without geographic limit: the date and time of the communication; source and destination information (including account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information.  The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

20.     The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

21.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Facebook and any other person or entity providing electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service.  Any entity providing such assistance shall be reasonably compensated by the Federal Bureau of Investigation pursuant to

18 U.S.C. § 3124(c) for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

22. The United States further requests that the Court order Facebook and any other person or entity whose assistance may facilitate execution of this Order to provide prior notice to the applicant and the Federal Bureau of Investigation before terminating or changing service to the account(s) described in Attachment A.

23. The United States further requests that the Court order that the Federal Bureau of Investigation and the applicant have access to the information collected by the pen/trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

24. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order Facebook and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that Facebook may disclose this Order to an attorney for Facebook for the purpose of receiving legal advice.

25. The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

26. The foregoing is based on information provided to me in my official capacity by agents of the Federal Bureau of Investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2020.

                                          JASON R. DUNN
                                        UNITED STATES ATTORNEY

                                        *s/ Cyrus Y. Chung*
                                        Cyrus Y. Chung
                                        Assistant United States Attorney
                                        1801 California Street, Suite 1600
                                        Denver, CO 80202
                                        Email: Cyrus.Chung@usdoj.gov